IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL S. MEEKER, *et al.*, | : | |
|     Plaintiffs, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-757 |
| | : | |
| WARDEN TODD BUSKIRK, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**SCHMEHL, J.**      /s/ JLS                                            **MAY 22, 2018**

      Five inmates at the Northampton County Prison filed this civil action against Warden Todd Buskirk, Northampton County, Pennsylvania, and the "US Government." In an Order docketed February 27, 2018, the Court informed the Plaintiffs that, if they sought to proceed *in forma pauperis* as suggested in their Complaint, they would each be obligated to file a motion to proceed *in forma pauperis* and a certified copy of their prison account statements for the six-month period preceding the filing of this case as required by 28 U.S.C. § 1915(a)(2). (ECF No. 2.) The Court also informed the Plaintiffs that each litigant granted leave to proceed *in forma pauperis* would be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. (*Id.* citing *Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009)). Two of the Plaintiffs, Samuel S. Meeker and Tashwan Hunter, responded to the Order by filing Motions to Proceed *In Forma Pauperis* and their prison account statements. (ECF Nos. 3 & 4.) They also submitted an Amended Complaint, which named new inmates as the Plaintiffs in this action. (ECF No. 1-3.)

      The Court issued an Order docketed on April 4, 2018, which directed the Clerk's Office to amend the caption to reflect the caption of the Amended Complaint and gave the newly-added

Plaintiffs an opportunity to either pay the fees or file motions for leave to proceed *in forma pauperis* with their prison account statements as required by 28 U.S.C. § 1915(a)(2). (ECF No. 5.) None of those individuals responded to the Order in any respect. Accordingly, the Court will dismiss those Plaintiffs as parties to this case without prejudice. In the meantime, Meeker filed a Motion for Appointment of Attorney and a Notice of Change of Address. (ECF Nos. 6 & 7.) For the following reasons, the Court will grant Meeker and Hunter leave to proceed *in forma pauperis* and dismiss the Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTS**

As with the initial Complaint, the Amended Complaint identifies the Defendants in this action as Warden Todd Buskirk, Northampton County, the "State of Pennsylvania," and "US Gov't." The Court understands Meeker and Hunter to be raising constitutional claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the FBI*, 403 U.S. 388 (1971), based on the conditions at the Northampton County Prison, primarily in connection with the denial of access to "legal materials." (Am. Compl. ECF No. 1-3 at 5.)[1] They also appear to be challenging the performance of counsel in their criminal cases.

A search of public dockets reflects that Meeker is awaiting trial in the Northampton County Court of Common Pleas for burglary and related charges. *See Commonwealth v. Meeker*, Docket No. CP-48-CR-0000703-2018. Meeker was recently released on bail to a long term inpatient facility. *Id.* Hunter recently pled guilty in the Northampton County Court of Common Pleas to possession of a controlled substance and disorderly conduct. *See Commonwealth v. Hunter*,

---

[1] The Court uses the pagination assigned to the Amended Complaint by the CM-ECF system.

Docket Nos. CP-48-CR-0000287-2018 & CP-48-CR-0004139-2017. Both Meeker and Hunter were represented by counsel from the Public Defender's Office.

As the basis for their claims, Meeker and Hunter allege that:

> Northampton County Prison and Northampton County have intentionally failed to provide adequate legal research facilities or a reasonable alternative in the form of trained legal professionals in an effort to profit off of legal injustices and the resultant mass incarceration of its citizens through their practice of charging "room + board" to inmates at Northampton County Prison. Additionally, Northampton County has fostered an environment that is openly hostile and discriminates against pro se litigants or defendants by refusing to hear motions they filed through a faulty application of case law to PA C.R.P. 576; in which the county holds that if "hybrid representation" is present no pro se motions will be heard . . . .

(Am. Compl. at 17-18.) That final allegation appears to refer to the state court's practice of declining to address *pro se* motions in criminal cases when a defendant is represented by counsel, as appears to have happened in Meeker's criminal case based on the docket. The Amended Complaint reflects Meeker and Hunter's disapproval of the fact that prison officials have distributed copies of the relevant rules and case law pertaining to the state court's prohibition on "hybrid representation." Meeker and Hunter add that the Public Defender's Office is a "complete failure" based on Meeker and Hunter's apparent dissatisfaction with the legal services they received. (*Id.* at 19.)

Although the Amended Complaint focuses on access to legal materials and counsel's performance, it raises other allegations that pertain to the conditions at Northampton County Prison. Meeker and Hunter claim that prison officials "engaged in retaliation for discussing lawsuits, prohibiting distribution of the PA C.R.P to inmates and thus to have reasonable access to legal materials crucial to achieving meaningful access to the courts . . . ." (*Id.* at 20-21.) In that regard, they contend that "wholesale violations of prisoner's rights" have occurred including "retaliation against litigants by restricting access to photocopies of the criminal rules to [sic]

procedure and by failing to provide a reasonable alternative to legal materials." (*Id.* at 24.) Prison officials have also allegedly failed to provide grievances when asked. Relatedly, Meeker attached to the Amended Complaint a request he filed in which he seeks a grievance form to "contest [his] unlawful, arbitrary and capricious pre-trial detention and the patently false statements" that presumably gave rise to his incarceration. (*Id.* at 13.) The block officer replied to Meeker, and informed him that those issues were not grievable within the institution and recommended that he speak with his attorney.

The Amended Complaint seeks "immediate, declaratory, preliminary and permanent injunctive relief to enjoin the defendants' conduct" and damages. (*Id.* at 21.) Among the requests for relief include a request for a federal takeover of the criminal justice system within Northampton County.

## II. STANDARD OF REVIEW

The Court grants Meeker and Hunter leave to proceed *in forma pauperis* because it appears that they are incapable of paying the fees to commence this civil action.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As

---

[2] However, as Meeker and Hunter are prisoners, they will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

Meeker and Hunter are proceeding *pro se*, the Court construes their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Against the US Government

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 1000, 127 L. Ed. 2d 308 (1994). As there is no basis for a waiver of sovereign immunity here, there is no legal basis for Meeker and Hunter's claims against the federal government. In any event, nothing in the Amended Complaint logically explains how the federal government could be held responsible for the conditions the Northampton County Prison or the manner in which Meeker and Hunter's criminal cases have been handled. Accordingly, the Court will dismiss any claims against the federal government with prejudice because the defects in those claims cannot be cured.

### B. Claims Against the Commonwealth of Pennsylvania

The Commonwealth of Pennsylvania (identified as the State of Pennsylvania in the caption of the Amended Complaint) is also not an appropriate party to this case. That is because the Commonwealth of Pennsylvania is entitled to Eleventh Amendment immunity from suits under § 1983 and, in any event, is not considered a "person" subject to liability under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the Court will dismiss any claims against the Commonwealth of Pennsylvania with prejudice because the defects in those claims cannot be cured.

### C. Claims Against Warden Buskirk and Northampton County

Meeker and Hunter's remaining claims fail as well. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Amended Complaint fails to plead a constitutional violation for the reasons below.

Meeker and Hunter have not stated a claim for denial of access to the courts. "The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Id.* at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Here, both Meeker and Hunter are or were represented by counsel during their criminal proceedings. In any event, none of their allegations plausibly suggest that they sustained any injury as a result of the limited access to legal materials challenged in the Amended Complaint. If they are claiming that access to legal materials interferes with their ability to file *pro se* motions even though they are counseled, the Court notes that "[p]ro se litigants have no right to 'hybrid representation.'" *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012) (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984)). Accordingly, claims based on that legal theory

fail as well as any claims based on prison officials' dissemination of information about hybrid representation.

Meeker and Hunter also have not stated a claim based on their other allegations. "[P]rison inmates do not have a constitutionally protected right to a grievance process," so Meeker and Hunter cannot state any constitutional claims based on the alleged denial of grievances. *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Furthermore, this Court may not intrude in Meeker and Hunter's state criminal proceedings or address alleged constitutional defects in those proceedings—including any issues with counsel—at this time. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Duran v. Weeks*, 399 F. App'x 756, 758–59 (3d Cir. 2010) (per curiam) ("Since Duran's section 1983 action seeking to enjoin his criminal prosecution presents the classic case for *Younger* abstention, the District Court's dismissal of Duran's complaint on that basis was clearly appropriate."). If they seek federal review of alleged constitutional defects in their state criminal proceedings, Meeker and Hunter must file petitions for *habeas corpus* after exhausting state remedies. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, as Hunter pled guilty, he is precluded from obtaining any monetary or other relief based on alleged constitutional defects that would render his convictions invalid or imply the invalidity of those convictions. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).

The Amended Complaint briefly mentions a cost recovery program and retaliation, but the allegations do not state a claim for a constitutional violation. Courts have generally upheld programs that require inmates to share in the cost of their incarceration, including a program at the Northampton County Prison. *See Williamson v. Northampton Cty. Prison*, No. CIV.A. 12-

2333, 2012 WL 1656291, at *2 (E.D. Pa. May 9, 2012) (rejecting challenge to prison's deduction of half of prisoner's deposit for room and board where"[n]othing in the complaint suggests that plaintiff would be subject to a longer sentence or that he would be denied basic human needs if he did not pay a certain amount of money toward his room and board"); *see also Tillman v. Lebanon Cty. Corr. Fac.*, 221 F.3d 410, 419 (3d Cir. 2000) (prison officials could deduct monies from inmates' accounts to recover some of the costs of their imprisonment because "[the plaintiff] was never denied room, food, or other necessities," and his sentence was not extended due to his inability to pay); *Hohsfield v. Polhemus*, No. CIV. 11-3007 FLW, 2012 WL 603089, at *4 (D.N.J. Feb. 23, 2012) ("'User fees', similar to the one at issue here [ a booking fee and daily $20.00 housing fee], have been determined to be nominal surcharges and non-punitive, and therefore, they do not violate due process."); *Firestone v. Rockovich*, No. 1:17-CV-2116, 2018 WL 347728, at *2 (M.D. Pa. Jan. 10, 2018) (dismissing claim based on $100 booking fee: "The 'booking fee' of which Firestone complains, involves a routine matter of accounting based on a fixed fee"). Meeker and Hunter have not raised any allegations to suggest that the program at Northampton County Prison is distinguishable from those cases in a manner that violates the Constitution.

Meeker and Hunter also claim that prison officials "engaged in retaliation for discussing lawsuits, prohibiting distribution of the PA C.R.P to inmates and thus to have reasonable access to legal materials . . . ." (*Id.* at 20-21.) "To establish a retaliation claim under § 1983, a plaintiff must demonstrate: (1) that he engaged in a constitutionally protected activity, (2) that he suffered, at the hands of a state actor, adverse action 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) that the protected activity was a substantial motivating factor in the state actor's decision to take the adverse action." *Owens v.*

*Coleman*, 629 F. App'x 163, 167 (3d Cir. 2015) (per curiam) (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)) (aleration in original). Meeker and Hunter's vague allegations are not sufficiently specific to establish that any prison officials took adverse action against them for engaging in constitutionally protected activity.

Even if Meeker and Hunter had pled a plausible constitutional violation, it is not clear how Warden Buskirk or Northampton County could be held responsible for most of the conduct alleged in the Amended Complaint. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* A municipal entity may not be held liable under § 1983 unless a municipal policy or custom caused the constitutional violation in question. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). To satisfy the pleading standard for municipal liability under § 1983, a plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was." *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).

With the exception of identifying a non-specific "practice of charging 'room + board' to inmates at Northampton County Prison," (Am. Compl. at 17), the Amended Complaint does not clearly identify a policy or custom of Northampton County that led to the constitutional violations in question. Furthermore, the Amended Complaint does not describe how Warden Buskirk is liable for the constitutional violations in question, whether as a result of his participation in those violations or his maintenance of a policy or custom that caused the claimed violations. Accordingly, Meeker and Hunter have not stated a claim against Warden Buskirk or Northampton County.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Meeker and Hunter's Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). However, the Court will give Meeker and Hunter an opportunity to file a second amended complaint in the event they can state a plausible claim against an appropriate defendant or defendants. Meeker's Motion for Appointment of Counsel will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate order follows.

                         **BY THE COURT:**

                         /s/ Jeffrey L. Schmehl
                        **JEFFREY L. SCHMEHL, J.**