# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SAMUEL S. MEEKER,** *et al.*, | : | |
|     **Plaintiffs,** | : | |
| | : | |
|     v. | : | **CIVIL ACTION NO. 18-CV-0757** |
| | : | |
| **LYNN SELLERS,** *et al.*, | : | |
|     **Defendants.** | : | |

## MEMORANDUM

**SCHMEHL, J. /s/ JLS**                                                                        **JUNE 25, 2018**

Currently before the Court is Plaintiff Samuel Meeker's Second Amended Complaint, which raises claims pursuant to 42 U.S.C. § 1983 for denial of access to the courts. For the following reasons, the Court will dismiss the Second Amended Complaint with prejudice for failure to state a claim.

### I.  FACTS AND PROCEDURAL HISTORY

This case was originally filed by five inmates at the Northampton County Prison against Warden Todd Buskirk, Northampton County, Pennsylvania, and the "US Government." In an Order docketed February 27, 2018, the Court informed the Plaintiffs that, if they sought to proceed *in forma pauperis* as suggested in their Complaint, they would each be obligated to file a motion to proceed *in forma pauperis* and a certified copy of their prison account statements for the six-month period preceding the filing of this case as required by 28 U.S.C. § 1915(a)(2). (ECF No. 2.) Two of the Plaintiffs, Samuel S. Meeker and Tashwan Hunter, responded to the Order by filing Motions to Proceed *In Forma Pauperis* and their prison account statements. (ECF Nos. 3 & 4.) They also submitted an Amended Complaint, which named new inmates as the Plaintiffs in this action. (ECF No. 1-3.)

The Court issued an Order docketed on April 4, 2018, which directed the Clerk's Office to amend the caption to reflect the caption of the Amended Complaint and gave the newly-added Plaintiffs an opportunity to either pay the fees or file motions for leave to proceed *in forma paupeirs* with their prison account statements as required by 28 U.S.C. § 1915(a)(2). (ECF No. 5.) None of those individuals responded to the Order in any respect. In the meantime, Meeker filed a Motion for Appointment of Attorney and a Notice of Change of Address, reflecting that since the end of April, he has been housed at the Quakertown Men's Residential Inpatient Treatment Center. (ECF Nos. 6 & 7.)

In a Memorandum and Order docketed on May 23, 2018, the Court dismissed the Plaintiffs who failed to pay the fees or seek leave to proceed *in forma pauperis* as parties to this case without prejudice, and granted Meeker and Hunter leave to proceed *in forma pauperis*. The Court then screened the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed it for failure to state a claim.

As with the initial Complaint, the Amended Complaint identified the Defendants in this action as Warden Todd Buskirk, Northampton County, the "State of Pennsylvania," and "US Gov't," and appeared to be raising constitutional claims pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the FBI*, 403 U.S. 388 (1971), based on the conditions at the Northampton County Prison, primarily in connection with the denial of access to "legal materials." (Am. Compl. ECF No. 1-3 at 5.)[1] Meeker and Hunter also appeared to be challenging the performance of counsel in their criminal cases.

As the basis for their claims, Meeker and Hunter alleged that:

---

[1] The Court uses the pagination assigned to the filings by the CM-ECF system.

> Northampton County Prison and Northampton County have intentionally failed to provide adequate legal research facilities or a reasonable alternative in the form of trained legal professionals in an effort to profit off of legal injustices and the resultant mass incarceration of its citizens through their practice of charging "room + board" to inmates at Northampton County Prison. Additionally, Northampton County has fostered an environment that is openly hostile and discriminates against pro se litigants or defendants by refusing to hear motions they filed through a faulty application of case law to PA C.R.P. 576; in which the county holds that if "hybrid representation" is present no pro se motions will be heard . . . .

(Am. Compl. at 17-18.) That final allegation appeared to refer to the state court's practice of declining to address *pro se* motions in criminal cases when a defendant is represented by counsel, as appears to have happened in Meeker's criminal case.

Although the Amended Complaint focused on access to legal materials and counsel's performance, it raised other allegations pertaining to the conditions at Northampton County Prison. Meeker and Hunter alleged that prison officials refused to provide grievance forms when asked and suggested that prison officials retaliated against them.

After granting Meeker and Hunter leave to proceed *in forma pauperis*, the Court dismissed the Amended Complaint for failure to state a claim. The Court first explained that any claims against the federal government or the Commonwealth of Pennsylvania were baseless because those Defendants were not subject to liability under the relevant civil rights laws. Turning to the claims against Northampton County and Warden Buskirk, the Court concluded that Meeker and Hunter failed to state a claim for denial of access to the courts because they were represented in their criminal proceedings, lacked any right to hybrid representation, and failed to allege any actual injury. The Court also explained that: (1) it was not appropriate to address constitutional challenges to criminal proceedings in a civil rights action; (2) the denial of grievances did not equate to a constitutional violation; (3) cost recovery programs, including a program at the Northampton County Prison, have generally been upheld; and (4) the vague allegations of

retaliation in the Amended Complaint failed to set forth a plausible basis for a claim. Additionally, Meeker and Hunter failed to identify a policy or custom of Northampton County so as to provide a basis for municipal liability, or allege how Warden Buskirk was involved in the claimed constitutional violations.

The Court gave Meeker and Hunter leave to file a second amended complaint. On June 11, 2018, the Court received a Second Amended Complaint against Lynn Sellers (the law librarian at the Northampton County Prison) in her official capacity and the County of Northampton, which names Meeker and Hunter as Plaintiffs in the caption, even though the pleading was only signed by Meeker. Indeed, it appears that Hunter did not receive the Court's Memorandum and Order because he was discharged from the Northampton County Prison. As Hunter did not submit a notice of change of address to the Court in accordance with the Court's local rules, the Court has no way to contact him. *See* E.D. Pa. Local Rule 5.1(b). Accordingly, the Court will dismiss Hunter as a plaintiff in this case without prejudice.

In any event, the Second Amended Complaint only raises claims on Meeker's behalf. Meeker again alleges that he was denied access to the courts. However, unlike his prior pleadings, which focused on his criminal case, Meeker alleges that he "is a party to an Estate pending in Lehigh County Orphans Court, and lacks legal counsel in that matter." (Sec. Am. Compl. ECF No. 10 at 1-2.) He adds that the "material deficiencies, as stated in the complaint, have prevented [him] from having 'meaningful access' to the courts" in connection with that case. (*Id.* at 2.) Meeker identifies the impediments to him accessing the courts as the "lack of any writing desks, the lack of books to review in an inmates cell area and the lack of a reasonable alternative." (*Id.*) He also contends that he was "unable to access the PA Orphan's Court Rules

on the terminal provided and thus his ability to know the relevant information to pursue his open civil litigation/matter was materially deficient." (*Id.* at 2-3.)

Meeker attached exhibits to his Second Amended Complaint in support of his claim. The first exhibit is a letter from a representative of the Lehigh County Court of Common Pleas Orphan's Court division dated May 23, 2018, written in response to a request sent by Meeker dated May 8, 2018. (*Id.* at 5-6.) The letter explains to Meeker that relevant rules and forms are available on the court's website. Meeker also attached to his Second Amended Complaint a letter dated April 15, 2018, that he sent to the Orphan's Court Division in response to a petition to approve the sale of property related to the case in which he claims an interest. (*Id.* at 7.) In the instant civil action, Meeker requests damages, "access to a physical law library," "reasonable writing desks" in that library, access to a copier "in order to make copies for review in a person's cell area and to prepare legal documents," and "the ability to bring reference materials back to the cell for study." (*Id.* at 3-4.)

## II. STANDARD OF REVIEW

As Meeker is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Second Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Meeker is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008). Furthermore, as previously explained to Meeker, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *See Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action).

Meeker cannot state a denial of access to the courts claim based on proceedings in Orphan's Court because that litigation concerns property in an estate rather than a challenge to Meeker's sentence or the conditions of his confinement. *See Ross v. Clerk of Courts of Court of Common Pleas of Philadelphia, Pennsylvania*, --- F. App'x ---, No. 17-3719, 2018 WL 2771094, at *1 (3d Cir. June 8, 2018) (per curiam) ("Because Ross' medical malpractice action is not related to his criminal sentence or conditions of confinement, he has failed to state an access to the courts claim under § 1983 and we will affirm the judgment of the District Court."); *Ball v. Hartman*, 396 F. App'x 823, 825 (3d Cir. 2010) (per curiam) ("As a prisoner, however, Ball's right of access to the courts does not extend to the Northampton County child support action with which she claims defendants have interfered. "). In any event, Meeker has failed to establish

how any of the conditions of which he complains actually prevented him from proceeding on his claims. Furthermore, since the end of April, Meeker has been living at a facility in Quakertown, which is in Bucks County. (*See* ECF No. 7.) Accordingly, it is not clear how the conditions at the Northampton County Prison would affect his ability to move forward on his claims in Orphan's Court.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Meeker's Second Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Meeker will not be given further leave to amend, as amendment would be futile. An appropriate order follows.

**BY THE COURT:**

**/s/ Jeffrey L. Schmehl**
**JEFFREY L. SCHMEHL, J.**